(February 11, 1991)

■ JOSEPH AGLIONE et al., Respondents, v STONEGATE AT GRASMERE CONDOMINIUM I et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Cusick, J.), entered September 7, 1989, as granted that branch of the plaintiffs' cross motion which was for partial summary judgment as to liability on their first cause of action to recover damages for the loss of use and enjoyment of their restricted yard area.

Ordered that the order is modified, on the law, by deleting

the provision thereof granting that branch of the plaintiffs' cross motion which was for partial summary judgment on the issue of liability on their first cause of action and substituting therefor a provision granting the plaintiffs partial summary judgment on the issue of liability on their second cause of action to recover the cost of repair; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The defendants contend that the court improperly found that the irrevocably-restricted yard area is a "common element" under the contract between the parties, and furthermore, that even if that yard area falls within the definition of a "common element," the contract is ambiguous as to whose responsibility it was to repair the drainage problem in that area. The defendants argue, therefore, that partial summary judgment was improperly granted. We disagree.

A fair reading of the contract indicates that the irrevocably-restricted yard area is within the "common element" definition. Furthermore, the Supreme Court correctly determined that the repair in question was structural, and under all interpretations, the defendants are responsible for structural repairs.

We have modified the order to reflect the intention of the trial court to grant partial summary judgment to the plaintiffs on the issue of liability with respect to their second cause of action to recover damages for the cost of the structural repairs in question. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.